## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* C.S.

No. 19-0261 (Kanawha County 18-JA-269)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.V., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's February 27, 2019, order terminating her parental rights to C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Matthew Smith, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she failed to correct the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to older children and denying her request for an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not raise a specific assignment of error regarding the termination of her parental rights. Additionally, at one point in her brief, petitioner states as follows: "The Trial Court Erred By Finding That The Respondent Mother Had Failed To Remedy The Circumstances Which Led To The Prior Involuntary Termination Of Her Parental Rights And Improperly Placed The Burden On The Parent." However, in the corresponding argument in support of this assignment of error, petitioner does not assert that the burden of proof was improperly shifted and she does not otherwise provide any facts or authority in support of such an argument. As such, in accordance with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, we will not address this issue on appeal.

1

a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2018, after the birth of C.S., the DHHR filed an abuse and neglect petition that alleged petitioner's parental rights to six older children had previously been involuntarily terminated in two separate abuse and neglect proceedings.[3] According to the petition, the prior involuntary terminations of parental rights were based on domestic violence in the home between petitioner and C.S.'s father, in addition to other issues. Although the petition indicated that petitioner and the father had separate residences, the DHHR alleged that their relationship continued, as evidenced by C.S.'s birth. Further, petitioner's prior psychological evaluation indicated that petitioner's prognosis for improved parenting was poor "and unlikely to improve, even with intervention," if she chose to continue her relationship with the father. As such, the DHHR alleged that petitioner failed to remedy the conditions of abuse and neglect that led to the prior involuntary terminations of her parental rights. Petitioner thereafter waived her preliminary hearing.

During the proceedings, the circuit court ordered petitioner to participate in parenting and adult life skills education, domestic violence classes, and other services. Visitation with the child was predicated on compliance with these services. However, in a report from September of 2018, one of petitioner's service providers indicated that petitioner "denie[d] any wrong doing [sic] and state[d] that her children were taken from her for no reason."

In October of 2018, the circuit court held an adjudicatory hearing. The DHHR presented testimony from two DHHR workers. Petitioner testified on her own behalf. Ultimately, the circuit court found that petitioner failed to remedy the conditions of abuse and neglect that resulted in the prior involuntary terminations of her parental rights to her older children. Further, the circuit court suspended petitioner's supervised visitation at that time. In November of 2018, the parties convened for a multidisciplinary team ("MDT") meeting. At this time, the DHHR and the guardian agreed to provide the parents with additional time to show compliance prior to disposition if they would agree to "not see[] one another, . . . and comply with domestic violence counseling," among other conditions.

In December of 2018, the circuit court held a dispositional hearing. Prior to the hearing, the guardian filed a report that indicated petitioner failed to comply with domestic violence counseling or otherwise acknowledge the issues of abuse and neglect that necessitated the petition's filing. During the hearing, the circuit court first denied petitioner's motion for an improvement period upon findings that an improvement period would not be in the child's best interests and that petitioner was unlikely to fully participate. Thereafter, the circuit court proceeded to disposition. In response to being asked what issues she needed to correct to be reunified with her child, petitioner responded as follows: "I thought you guys knew that. I mean, you all say there's wrong here, but I have my own home. I've attended things that I can prove that I'm willing

---

[3]In July of 2018, the DHHR filed an amended petition to include more specific information regarding the prior proceedings that resulted in the involuntary termination of petitioner's parental rights to her older children.

to do. I mean, really, I would like to know the answer to why I don't have my child." When asked specifically if she believed she had not abused any of her children, petitioner responded that the prior proceedings were "over with" and that her parental rights to older children were "terminated . . . based upon . . . opinion with no evidence." Petitioner further testified that, although given approximately one month to comply with domestic violence services, she attended her first domestic violence prevention class one day prior to the dispositional hearing. Even then, petitioner presented no evidence to corroborate her participation. Ultimately, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the child's welfare. Accordingly, the circuit court terminated petitioner's parental rights.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). On appeal, we find no error in the proceedings below.

First, petitioner argues that it was error for the circuit court to find that she had not corrected the conditions of abuse and neglect that formed the basis of the prior involuntary terminations of her parental rights to her older children. According to petitioner, she remedied those prior conditions by virtue of her housing, employment, negative drug screens, and separation from the child's father. Petitioner's argument, however, ignores the fact that even if she did separate from the child's father, this is insufficient to remedy the conditions of abuse and neglect at issue.

We have previously held as follows:

[w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition

---

[4]The father's parental rights were also terminated below. According to respondents, the permanency plan is for the child to be adopted by the foster family that has adopted his siblings.

pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ [49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § [49-4-605(a)] is present.

*In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting syl. pt. 2, *In the Matter of George Glen B.*, 205 W. Va. 435, 518 S.E.2d 863 (1999)). In regard to the domestic violence that formed the basis for the prior terminations, petitioner argues that this issue was remedied purely by her separation from the father. However, petitioner fails to recognize that, despite the fact that she claims the parties separated several years prior to the instant proceedings, she gave birth to the father's child at issue on appeal, evidencing their continued relationship. Further, as late as one month prior to the dispositional hearing, the MDT allowed petitioner additional time to show compliance with services if, among other conditions, she and the father refrained from seeing one another. As such, even though petitioner argues that the relationship ended, the record illustrates otherwise.

Further, simply obtaining housing independent of the father did not remedy the conditions of abuse and neglect, as petitioner argues. During the proceedings below, the circuit court considered a psychological evaluation petitioner underwent during a prior proceeding. According to that evaluation, petitioner needed to undertake several steps to correct the domestic violence issues in the home, including completion of "a structured domestic violence intervention program" and parenting education to address "the effects of domestic violence on children." The record shows that petitioner did not undertake these steps. Accordingly, we find no error in the circuit court's finding that petitioner failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to her older children.

Petitioner next argues that she should have been entitled to an improvement period because she was complying with services and had taken steps to remedy the issues of abuse and neglect. Again, petitioner cites to several efforts she undertook, many of which have no bearing on the issues of domestic violence, to argue that she was already complying with the circuit court's orders and, thus, was likely to fully participate in an improvement period. We do not agree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period.'" *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Importantly, petitioner's argument on appeal ignores the fact that she failed to acknowledge the conditions of abuse and neglect at issue. Specifically, petitioner told a service provider early

in the proceedings that she had done nothing wrong and that her children were taken from her for no reason. Further, at the dispositional hearing, petitioner continued to indicate that she did not need to correct any issues and, in fact, expressed confusion as to why she did not have custody of her child. This evidence demonstrates that petitioner failed to acknowledge the issues through the entire pendency of the proceedings. As this Court has previously held,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.*, 215 W. Va. at 217, 599 S.E.2d at 640). Because petitioner failed to acknowledge the continuing issues of domestic violence, it is clear that an improvement period would have been an exercise in futility. As such, we find no error in the circuit court denying petitioner's motion.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 27, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison